1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LAMAR J. MINOR,                          No.  2:21-cv-0941 AC P

12                   Plaintiff,

13        v.                                   ORDER

14    SACRAMENTO COUNTY MAIN JAIL,
      et al.,
15
                       Defendants.
16

17

18          Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983

19    and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20        I.      Application to Proceed In Forma Pauperis

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22    § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4        II.      Statutory Screening of Prisoner Complaints

5         The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

9  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

13  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

14  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

15  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

16  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

17  Franklin, 745 F.2d at 1227-28 (citations omitted).

18        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

23  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

24  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

25  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

26  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

27  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

28  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

1    cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5    Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6    content that allows the court to draw the reasonable inference that the defendant is liable for the

7    misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

8    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12        III.    Complaint

13        The complaint appears to allege that defendants Sacramento County Main Jail,

14   Sacramento County Main Jail Medical, and Rio Cosumnes Correctional Center violated plaintiff's

15   constitutional rights when he tested positive for COVID-19 and was transferred and removed

16   from isolation while still contagious.  ECF No. 1 at 3.

17        IV.     Failure to State a Claim

18        While "municipalities and other local government units . . . [are] among those persons to

19   whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality

20   can be liable under § 1983 only where its policies are the 'moving force [behind] the

21   constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in

22   original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326

23   (1981)).  There must be "a direct causal link between a municipal policy or custom and the

24   alleged constitutional deprivation." Id. at 385.  Plaintiff does not allege facts showing that the

25   conditions he complains of are the result of a policy or custom of the county and the complaint

26   fails to demonstrate any violation of plaintiff's rights given the generality of the allegations and

27   lack of explanation as to how the conditions affected him personally.

28   ////

If the conditions plaintiff complains of are the result of specific individuals' actions rather than a custom or policy of the county, those individuals must be named as defendants and plaintiff must allege facts showing what each individual did or did not do that he believes violated his rights.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

4

complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief.  You need to provide more specific information about how the conditions affected you, and whether the alleged violations were the result of a county or jail policy or were caused by the actions of individuals.  You also need to describe the policy or identify what the individuals did to violate your rights.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in

1   accordance with this order will result in a recommendation that this action be dismissed.

2       5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

3   form used in this district.

4   DATED: June 8, 2021

5                                              _____

6                                              ALLISON CLAIRE
                                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28