UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR J. MINOR, | No. 2:21-cv-0941 AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION |
| SACRAMENTO COUNTY MAIN JAIL, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has filed a second amended complaint.

I. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

1

theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

II.     Second Amended Complaint

The second amended complaint names Sheriff Scott Jones, the watch commander, assistant watch commander, Sgt. Murphy, and Officer Powell as defendants. ECF No. 12 at 1-2. Plaintiff alleges that under the authority of Jones, the watch commander and assistant watch commander authorized his transfer "from quarantine into an outbreak of COVID-19" environment. Id. at 3. Specifically, plaintiff alleges that when he arrived at the jail on December 8, 2020, he did not have COVID. Id. After eighteen days in quarantine, he was re-housed in a pod that was supposed to be free of COVID, but the pod went into isolation from January 21 to February 5, 2021. Id. at 3, 17. On January 28, 2021, plaintiff tested positive for COVID-19 and was informed of the result by Powell. Id. He alleges that the virus was carried through the inadequate ventilation system. Id.

III.    Failure to State a Claim

A Fourteenth Amendment[1] medical claim against an individual officer includes the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

There are no allegations against defendant Murphy, and the fact that Powell notified plaintiff of his COVID diagnosis does not demonstrate that Powell had any involvement in plaintiff catching the virus. With respect to Jones, the watch commander, and assistant watch commander, the pod plaintiff was transferred into did not go into isolation until approximately a month after his transfer, and there are no facts indicating that his transfer into what was, at the

---

[1] Although plaintiff does not specify whether he was a pretrial detainee or convicted prisoner at the time of his incarceration at the jail, for screening purpose, the undersigned will assume that plaintiff was a pretrial detainee and consider the claims under the less rigorous Fourteenth Amendment standard.

3

time, an apparently COVID-free pod, was unreasonable.  Finally, the conclusory assertion that the ventilation system was inadequate and therefore led to plaintiff catching COVID is insufficient to show that it created a substantial risk of harm to plaintiff or that any defendant failed to take reasonable measures to abate that risk.  Accordingly, the facts of the complaint fail to demonstrate that any defendant acted unreasonably in response to a substantial risk of harm to plaintiff and plaintiff therefore fails to state a claim against any defendant.

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted.  Plaintiff has already been given two opportunities to amend the complaint and advised what kind of information he needed to provide, ECF Nos. 5 & 11, and in granting plaintiff leave to file the second amended complaint, the court warned that it would be his final opportunity to amend, ECF No. 11 at 3.  Given plaintiff's continued failure to allege facts sufficient to state a claim for relief despite direction on the type of information he needed to provide, it does not appear that further amendment would result in a cognizable claim.  As a result, leave to amend would be futile and the second amended complaint should be dismissed without leave to amend.

V.      Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the second amended complaint be dismissed without leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief and you have not provided more specific information to support your claims even though you were given instructions on what kind of information to provide.

Accordingly, IT IS HEREBY RECOMMENDED that the second amended complaint be dismissed without leave to amend for failure to state a claim.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE